IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID GONZALEZ, | ) |
|           *Plaintiff*, | ) No. 12 C 6150 |
|   v. | ) Judge Virginia M. Kendall |
| P.O. JASON BALA #9112; | ) |
| P.O. WILLIAM O'BRIEN #9564; | ) |
| P.O. FRANCISCO IZA #12649; | ) |
| P.O. ANGEILLY LOPEZ #2768; | ) |
| P.O. WILLIE BOLANOS #12690; | ) |
| P.O. MONICA REYES #19210; | ) |
| and, THE CITY OF CHICAGO, | ) |
|           *Defendants*. | ) |

**MEMORANDUM OPINION AND ORDER**

David Gonzalez filed this action against P.O. Jason Bala #9112, P.O. William O'Brien #9564, P.O. Francisco Iza #12649, P.O. Angeilly Lopez #2768, P.O. Willie Bolanos #12690, and P.O. Monica Reyes #19210 (collectively the "Officers") for false arrest and malicious prosecution. He also included a corollary claim against the City of Chicago (the "City") for indemnification. The City and Officers now move for summary judgment. For the following reasons, the Court grants Defendants' motion for summary judgment.[1]

---

[1] The Court notes that Gonzalez, the party that brought this suit, did not respond to this motion. When Defendants filed this motion for summary judgment on January 19, 2015, Gonzalez was represented by retained counsel. The next day, however, this Court granted his attorney's motion to withdraw as counsel and Gonzalez was ordered to personally appear in court on January 27, 2015. Gonzalez appeared and this Court appointed recruited counsel to represent him. On May 28, 2015, a status hearing was held at which defense counsel, recruited counsel, and Gonzalez were all present. The Court granted recruited counsel's motion to withdraw based on his ethical obligations under Rule 11. *See also* Local Rule 83.38(a)(5) (assigned counsel may be relieved of assignment where he is of the opinion that "the party's claims or defenses are not warranted under existing law and cannot be supported by good faith argument for extension, modification, or reversal of existing law.") The Court then informed Gonzalez that there was a pending motion for summary judgment and that he was obligated as a pro se litigant to answer that motion. The Court cautioned Gonzalez that his failure to respond to the facts presented by Defendants could result in those facts being deemed admitted and judgment possibly being entered against him as a matter of law. The Court gave Gonzalez five weeks, or until July 2, 2015, to respond to the motion and instructed him that there were resources available at the pro se help desk to assist him with filing documents. Gonzalez

1

## I. BACKGROUND

On August 5, 2010, Officer Jason Bala submitted a Complaint for Search Warrant and Search Warrant for David Love and the third floor of the building located at 1941 N. Central Park in Chicago, Illinois (the "Apartment"). (Def. 56.1, ¶¶ 2, 4).[2] The Complaint and Search Warrant were based on reports from a confidential informant that he purchased cocaine from Love at the Apartment on August 4, 2010, as he had done on multiple occasions in the past. (*Id.* at ¶ 2). The Complaint and Search Warrant were approved by the State's Attorney's office and an Illinois State Court judge on August 5, 2010. (*Id.* at ¶ 4).

On August 7, 2010, the Search Warrant was executed by a team of 10 to 12 Chicago Police Officers. (*See id.* at ¶¶ 7, 11-12). When the Officers arrived at the Apartment, Love voluntarily opened the front door and secured his German Shepard. (*Id.* at ¶¶ 14-15). Love's son, David Gonzalez, then emerged from his bedroom in the back of the Apartment. (*Id.* at ¶¶ 16-17). Gonzalez was "detained, patted down, hand cuffed, and escorted to the front living room." (*Id.* at ¶ 19). Gonzalez and Love were both detained in the dining room while the Apartment was secured, photographed, and searched. (*Id.* at ¶¶ 20-21; 29-30).

---

acknowledged all of these instructions and affirmed that he wished to proceed with the case pro se and respond to the motion on his own. The Court then provided Gonzalez with a hard copy of the motion for summary judgment and exhibits. Gonzalez has failed to file a response or any other document in this matter since that status hearing on May 28, 2015. Over a month has passed since his response was due on July 2, 2015. The Court, therefore, now rules without the benefit of his response.

[2] Pursuant to Local Rule of Civil Procedure 56.1, "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Because Gonzalez has not filed a response to Defendants' Statement of Material Facts, all the facts in Defendants' statement that are adequately supported by the record will be accepted as true by this Court. L.R. 56.1; *see also Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012) (stating that "[t]he obligation set forth in Local Rule 56.1 is not a mere formality," and that "[i]t follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial") (internal quotations omitted); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) ("[I]f the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment against her.").

During the search, Officer Iza investigated Gonzalez's bedroom where he located "documents demonstrating [Gonzalez's] residency…" (*Id*. at ¶ 27). Officers O'Brien and Iza also located currency and crack cocaine under a blue tote bag in Gonzalez's bedroom closet. (*Id*. at ¶¶ 24-25, 32). Officer Bala photographed the crack cocaine and currency in Gonzalez's bedroom. (*Id*. at ¶¶ 26, 32). Gonzalez does not dispute that the bedroom was his or that he did not have social guests over in the weeks preceding the search. (*See id*. at ¶¶ 17, 25, 33).

Based on the orders of Officer Bala, Gonzalez was placed under arrest for narcotics, patted down, and transported back to the police station along with Love. (*Id*. at ¶¶ 39, 42, 43). The first thing Officer Bala did upon arrival at the Gang office was unload the gathered evidence, which included the currency and crack cocaine recovered from Gonzalez's bedroom. (*Id*. at ¶ 49). He also uploaded the photographs he had taken, including the photographs of the currency and crack cocaine, to the Police Department's computer. (*Id*. at ¶50). The photographs cannot be altered once they are downloaded. (*Id*. at ¶ 51). Officer Bala made the decision to proceed with the criminal complaint for possession against Gonzalez. (*Id*. at ¶ 61). As Gonzalez and Love were being escorted to lock up, Love stated that the crack cocaine was his. (*Id*. at ¶ 65-66). Immediately after transporting Gonzalez and Love to lock up, Officer Bala created a supplemental report memorializing Love's acknowledgement of the cocaine. (*Id*. at ¶ 68).

## II. STANDARD OF REVIEW

Summary judgment on the merits is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Hoffman v. Caterpillar Inc.*, 256 F.3d 568, 571 (7th Cir. 2001). In determining whether there is a genuine issue of material fact, the Court must view the evidence and draw all

reasonable inferences in favor of the party opposing the motion. *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th Cir. 2013); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III. DISCUSSION

#### A. False Arrest

Gonzalez claims the Officers falsely arrested him for "certain crimes including possession of a controlled substance" without probable cause, in violation of the Fourth Amendment and the rights protected under 42 U.S.C. §1983. (Dkt. No. 38, Am. Compl. at ¶ 9). To recover for this cause of action, Gonzalez must show that he was "deprived of a right secured by the Constitution or laws of the United States" and that the "deprivation was visited upon [him] by a person or persons acting under color of state law." *McKinney v. Duplain*, 463 F.3d 679, 683 (7th Cir. 2006). Probable cause, however, is a complete and absolute defense to a claim of unlawful arrest in violation of the Fourth Amendment. *Hurem v. Tavares*, 2015 WL 4242862, at * 2 (7th Cir. 2014); *Gibbs v. Lomas*, 755 F.3d 529, 537 (7th Cir. 2014).

"A police officer has probable cause to arrest if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed." *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009). The Court assesses probable cause objectively by looking "at the conclusions that the arresting officer reasonably might have drawn from the information known to him rather than his subjective reasons for making the arrest." *Holmes v. Vill.of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). "Usually in a § 1983 false-arrest case the jury determines whether the arrest was supported by probable cause; but if the underlying facts are undisputed, the court can make that decision on summary judgment." *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 714 (7th Cir. 2013) (citations omitted); *see also Annan v. Village of Romeoville*, 2013 WL 673484, at *2 (N.D. Ill. Feb. 25, 2013) ("Although probable

4

cause is often a mixed question of law and fact, it becomes a question of law when the undisputed facts are sufficient to create probable cause.") (citing *Ornelas v. United States*, 517 U.S. 690 (1996)).

In this case, the undisputed facts demonstrate that the Officers had probable cause to arrest Gonzalez for possession of a controlled substance[3] on August 7, 2010. The Officers entered the Apartment with an undisputedly valid Search Warrant and with information from an informant that narcotic sales were conducted in the Apartment within at least the last few days. During their systematic search of the Apartment, Officers discovered currency and what they suspected was, and eventually tested positive for, cocaine underneath a tote bag in Gonzalez's bedroom closet. Although the narcotics were not found on Gonzalez's person, the Officers reasonably believed Gonzalez had constructive possession of the narcotics found in his bedroom closet. To prove constructive possession in a case where, as here, multiple parties occupy the same residence, the Officers must demonstrate "a 'substantial connection' between the defendant and the contraband itself, not just the residence." *United States v. Lawrence*, 788 F.3d 234, 240 (7th Cir. 2015) (internal quotation and citation omitted). Although multiple people lived in the Apartment, it is undisputed that the bedroom where the suspected controlled substance was found belonged to Gonzalez. (Def. 56.1, ¶ 17). No one shared the bedroom with Gonzalez and he did not have social guests in his room in the weeks leading up to the search warrant. (*See id*. at ¶¶ 17, 33). There is nothing in the record indicating anyone other than Gonzalez ever accessed his bedroom. These facts were sufficient to establish probable cause for Gonzalez's arrest for possession of a controlled substance.

---

[3] The elements required to establish possession of a controlled substance are: "(1) the identity of the substance at issue, i.e., that it is a controlled substance in the proper amount; and (2) that defendant knowingly possessed that substance." *People v. Baez*, 345 Ill. App. 3d 50, 53 (1st Dist. 2003) (citing 720 ILCS 570/402 (West 2000); *People v. Hagberg*, 192 Ill.2d 29, 34 (2000))

In reaching this determination, the Court notes that it has considered that Gonzalez claimed in his deposition, as Defendants point out in their Rule 56 Statement, that Officer Bala planted narcotics in his bedroom. Although a plaintiff's self-serving statements in an affidavit or deposition may be sufficient to thwart a motion for summary judgment motion, such testimony must still "comply with Federal Rule of Civil Procedure 56(e) and Federal Rule of Evidence 602, both of which require that testimony be based on personal knowledge." *Widmar v. Sun Chemical Corp.*, 772 F.3d 457, 460 (7th Cir. 2014). Here, Gonzalez's deposition testimony was not based on personal knowledge and, regardless, is insufficient to create a triable issue of fact. Gonzalez claims that after the Officers searched the Apartment, arrested him, left the Apartment, brought him to the station, and charged him, at least one of the Officers returned to the Apartment to plant narcotics in his bedroom. (Def. 56.1, ¶ 74). Specifically, Gonzalez claims Officer Bala showed him a bag of white balls at the station and then, after Gonzalez and Love were processed and placed in a holding cell, took those same white balls back to the Apartment and planted them. (Def. 56.1, ¶ 75).

Even construing the well-pled facts in Defendants' Rule 56 Statement in the light most favorable to Gonzalez, these statements by Gonzalez are insufficient to defeat summary judgment. First, Gonzalez did not have personal knowledge of Officer Bala leaving the station or reentering the Apartment after the initial search was completed. The woman that allegedly told Gonzalez the Officers had returned to the Apartment denied the same at her deposition. Moreover, even if this Court assumes Officer Bala left the station to go back to the Apartment to plant narcotics, those narcotics are not the narcotics that gave rise to the initial arrest. The narcotics that gave rise to Gonzalez's arrest were undisputedly photographed in Gonzalez's bedroom during the initial search, inventoried immediately upon arrival at the station, and the

6

photographs of which were immediately downloaded to the Police Department's computer. (*Id.* at ¶ 50). Gonzalez has failed to respond to the Rule 56 Statement and this Court accepts the Defendants' timeline of events and facts that are supported by the record.

This Court is not "obliged…to scour the record looking for factual disputes," *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994), and it will not do so. If Gonzalez disputed the timeline, search, photographs, inventory, or anything else regarding the presentation of facts by the Defendants, he was obligated to present such objections to the Court. Whether the narcotics belonged to Gonzalez or whether he had actual knowledge of them "is not material to the determination of probable cause; the test is an objective one—what the police know, not whether they know the truth, that matters." *Sheik–Abdi v. McClellan*, 37 F.3d 1240, 1247 (7th Cir. 1994) (internal quotation marks omitted). "[A] person's ability to explain away seemingly damning facts does not negate the existence of probable cause, even though it might provide a good defense should the case go to trial." *Sroga v. Weiglen*, 649 F.3d 604, 608 (7th Cir. 2011) (internal quotation marks and citation omitted). Had Gonzalez responded to this motion for summary judgment or, at the very least, Defendants' Rule 56.1 Statement, he may have successfully defeated it. But, on the record now before the Court, there is no genuine issue of material fact for trial and summary judgment is granted in favor of the Officers on Count I.

### B. Malicious Prosecution

In addition to his false arrest claim, Gonzalez asserts a pendant state-law claim for malicious prosecution. Generally, where "the sole basis for invoking federal jurisdiction is nonexistent ... the federal courts should not exercise supplemental jurisdiction over [a plaintiff's] remaining state law claims." *Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003). However, an exception exists where, as here, it is clear how the state claim is to be

decided. *See Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007). To prevail on his malicious prosecution claim, Gonzalez "must show (among other things) that the criminal case ended in his favor, that the charge was not supported by probable cause, and that the accuser made the charge with malice." *Deng v. Sears, Roebuck & Co.*, 552 F.3d 574, 576 (7th Cir. 2009) (citing *Swick v. Liautaud*, 169 Ill.2d 504 (1996)). As with the claim for false arrest, probable cause is a complete defense to the state law claim for malicious prosecution. *See Reynolds v. Menard, Inc.*, 365 Ill. App. 3d 812 (1st Dist. 2006).

In evaluating a malicious prosecution claim, the relevant time for making a probable cause determination is the time when the charging documents are filed, not the time of arrest. *Holland v. City of Chicago*, 643 F.3d 248, 254 (7th Cir. 2011). Moreover, the Court must consider whether probable cause existed to support each and every charge in dispute. *See Holmes*, 511 F.3d at 684. From his Amended Complaint, Gonzalez appears to only be contesting the charge for possession of narcotics and, as discussed above, probable cause regarding that crime existed at the time of Gonzalez's arrest. Once the Officers established probable cause, they were not obligated to conduct additional investigation and there are no facts indicating that anything occurred between the time of Gonzalez's arrest and the time of his charging at the station that would disrupt the initial determination of probable cause already discussed (even the alleged "planting" happened after the charge was brought). *See Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009) (citing *Porter v. City of Chicago*, 393 Ill. App. 3d 855 (1st Dist. 2009)). For those reasons, summary judgment is also granted in favor of the Officers on Count II.

**C. Indemnification**

Because the Court has granted summary judgment in favor of the Officers on the false arrest and malicious prosecution claims, summary judgment is similarly granted to the City on

the indemnification claim. *See* 745 ILCS 10/9–102 ("A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages ... for which it or an employee while acting within the scope of his employment.")

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment [64] is granted in its entirety and final judgment is entered in favor of Defendants.

```
_____
        Virginia M. Kendall
        United States District Court Judge
        Northern District of Illinois
```

Date: 8/12/2015